**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**Auto-Owners Insurance Company**,

    Plaintiff,                    **Case No.:**

vs.

**Otak Group, Inc.**,

    Defendant.

_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Auto-Owners Insurance Company (hereinafter "Auto-Owners"), sues the Defendant, Otak Group, Inc., (hereinafter "Otak"), and alleges:

1. This is an action for Declaratory Judgment brought under the provisions of 28 U.S.C. §§ 2201 and 2202, and Rule 57, Federal Rules of Civil Procedure.

2. This action concerns the rights and obligations of the parties under a contract of insurance as to a claim for damages allegedly arising out of a work place accident and or occurrence which occurred on June 8, 2009, in Duval County, Florida.

3. Defendant Otak is a Florida corporation with its principle place of business in Yulee, Florida. Otak is a civil and general contractor.

4. Auto-Owners is a Michigan corporation with its principle place of business in Lansing, Michigan, but is authorized to conduct business throughout the State of Florida. Auto-Owners is, *inter alia*, an insurance company authorized

and licenced to sell insurance products in the State of Florida.

5. At all times relevant, Auto-Owners had in effect a policy of insurance, which included general liability insurance, issued to Otak at its offices located at 850022 Highway 17, Yulee, Florida 32077. A copy of the policy is incorporated herein and attached hereto as exhibit "A."

6. Venue and jurisdiction is proper pursuant to 28 U.S.C.A. 1332, in that Plaintiff and Defendant are of diverse citizenship and the claim presented is in excess of $75,000, and the claim arises from an incident occurring in Duval County, Florida.

7. On or about June 8, 2009, pursuant to a contract with the Department of the Navy, Otak was managing the removal and installation of a pond system at Warf "F" Naval Station Mayport, Florida. The work included the modification to an existing storm water pond and the connecting of conveyance systems, including excavation, grading, modification of drainage structures, grassing, and incidental related work. As part of the scope of work, Otak was required to locate and identify underground utility lines.

8. As part of the above referenced project, Otak hired a subcontractor, A-Plus Dewatering, LLC (hereinafter "A-Plus"), to install a sock pipe system to dewater the ponds located at Warf "F" Naval Station Mayport.

9. On or about June 8, 2009, an employee of A-Plus was operating a trencher in the process of installing a sock pipe. At approximately 10:30am, the

      trencher struck and severed an unidentified and unmarked utility cable approximately 14 feet below ground. The underground utility was located and embedded in an area that Otak was contracted to perform work on.

10. Subsequent to the severing of this cable, Otak voluntarily, and at its own expense, undertook to make repairs to the severed underground utility cable. Otak failed to notify Auto-Owners of this "accident" or "occurrence" before undertaking the repairs.

11. Otak never requested nor obtained the consent of Auto-Owners to voluntarily make repairs to the severed underground utility cable.

12. Otak has demanded from Auto-Owners indemnification for the subsequent repairs in the amount of $146,149.01.

13. The insuring agreement states in relevant part that Auto-Owners "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (See section I-Coverages, Coverage A). Auto-Owners disputes that Otak was legally obligated to pay damages because of property damage to which this insurance applies.

14. The insuring agreement further states in relevant part that "This insurance does not apply to 'Property damage' to[ t]hat particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it." (See Section I, paragraph 2(j)(6)).

15. The insuring agreement further states in relevant part that "This insurance does not apply to 'Property damage' to [t]hat particular part of real property on which any insured or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations." (See Section I paragraph 2(j)(5)).

16. The insurance agreement further states in relevant part that "[n]o insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent." (See Section IV, paragraph 2(d)). Auto-Owners has been prejudiced by Otak's failure to properly notify Auto-Owners as required by the policy.

17. There is a bona fide dispute and actual, justiciable, genuine controversy between Plaintiff and Defendant as to whether the above referenced policy will provide coverage for Otak's alleged claim of damages, and whether Plaintiff is obligated to indemnify Defendant for the alleged claim of damages.

18. Auto-Owners is entitled to have determined various questions of construction under the above-referenced insurance policy and is entitled to a declaration of its rights, duties, status, and other equitable or legal relations thereunder.

WHEREFORE, Plaintiff, Auto-Onwers, requests that this Court take jurisdiction of this cause and enter a declaratory judgment declaring the rights and obligations of the parties

as follows:

 a. That Auto-Owners has no duty under the Policy to indemnify Otak for any claims presented for repairing the severed utility cable because such coverage is excluded by the policy and because Otak voluntarily made payments and/or incurred expenses without the consent of Auto-Owners; and.

 b. That grants such other and further relief as may be just or otherwise found under the terms and conditions of the subject insurance policy and/or Florida Law.

    S/Jeffrey J. Humphries
    **Jeffrey J. Humphries**, **Esq.**
    Florida Bar No. 708631
    **Susan Oosting, Esq.**
    Florida Bar No. 603457
    **O'HARA LAW FIRM,**
    Professional Association
    4811 Beach Boulevard, Suite 303
    Jacksonville, Florida 32207
    Telephone (904) 346-3166
    Facsimile (904) 346-5445
    jhumphries@oharalawfirm.com
    soositng@oharalawfirm.com
    Attorneys for Plaintiff